UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN HOLLOMAN, PERSONAL REPRESENTATIVE                                      PLAINTIFF
FOR THE ESTATE OF BARBARA JEAN PRICE

V.                                                                  CIVIL ACTION NO. 3:24-CV-88-DPJ-ASH

RUTH SHELMAN-GOETSCH, ET AL.                                                  DEFENDANTS

ORDER

Pro se Plaintiff Marvin Holloman, who has brought this suit in his capacity as the personal representative for the Estate of Barbara Jean Price, asks the Court to permit him to "serve Defendant Michael Smyth by leaving a copy of [the summons and complaint] at [Smyth's] dwelling, leaving a copy at his email address[,] and serving the Colorado Secretary of State . . . or any other method deemed appropriate by this Court." Mot. [20] at 4. As explained below, that request is denied, but the Court will allow Holloman an additional 30 days to serve the unserved Defendants.

I.      Facts and Procedural History

The allegations of the Complaint are difficult to follow but appear to arise out of the administration of the Estate of Barbara Jean Price in the Denver Probate Court in Denver, Colorado. Holloman filed the Complaint and a motion to proceed in forma pauperis (IFP) on February 12, 2024. United States Magistrate Judge F. Keith Ball granted Holloman's IFP motion on February 27, 2024. Under Federal Rule of Civil Procedure 4(m), Holloman had until May 27, 2024, to serve each Defendant. *See Ellis v. Principi*, 223 F.R.D. 446, 447–48 (S.D. Miss. 2004) ("[F]or purposes of assessing the time for effecting service of process where the complaint is accompanied by a motion to proceed *in forma pauperis*, considerations of fairness dictate that the time for service be tolled until the court decides that motion."). Defendants Ruth Shelman-

Goetsch and Michelle R. Smith were timely served and have entered appearances. Holloman has yet to effectuate service on Defendants Craig D. Johnson and Michael Smyth, and his present motion asks the Court to allow him to use "substituted service" on Michael Smyth. Mot. [20] at 1. Given that the time to serve Smyth has already expired, the Court construes Holloman's motion as also seeking an extension of his Rule 4(m) deadline.

II.     Analysis

The Court begins with Federal Rule of Civil Procedure 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Rule thus gives the Court discretion to extend the time for service even if the plaintiff fails to demonstrate good cause for failure to timely effectuate service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). The unexecuted summons forms for Johnson and Smyth indicate that the process server attempted to serve each on three separate occasions but was unsuccessful. Summonses [9]. Under these circumstances, the Court will give Holloman an additional 30 days—or until January 13, 2025—to serve Johnson and Smyth. The Court warns Holloman that failure to meet that deadline may result in dismissal without prejudice of the claims against Johnson and Smyth.

Turning to the request for permission to serve Smyth by alternate means, the Court finds the means proposed by Holloman are not necessary. Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). And Mississippi Rule of Civil Procedure 4(c)(5) says that "a summons

may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested" with the envelope "marked 'restricted delivery.'" Miss. R. Civ. P. 4(c)(5). According to the Complaint, Johnson and Smyth are both located outside the state of Mississippi. Compl. [1] at 2. Thus, Holloman has a means of service for those Defendants available to him. The request for permission to serve Smyth by other means is denied.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Holloman's motion is granted in part to the extent that he shall have until January 13, 2025, to effectuate service of process on Johnson and Smyth. It is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE