UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN HOLLOMAN,                                                            PLAINTIFF
Personal Representative for
the Estate of Barbara Jean Price

V.                                                     CIVIL ACTION NO. 3:24-CV-88-DPJ-ASH

RUTH SHELMAN-GOETSCH,
MICHELLE R. SMITH, CRAIG D.
JOHNSON, and MICHAEL SMYTH                                DEFENDANTS

## ORDER

This dispute arises out of an estate proceeding in Denver, Colorado's Probate Court. Pro se Defendants Michelle Smith and Ruth Shelman-Goetsch move to dismiss [10, 12] pro se Plaintiff Marvin Holloman's Complaint, alleging lack of subject-matter jurisdiction and personal jurisdiction as well as improper venue. Because Plaintiff has failed to demonstrate personal jurisdiction over Defendants, the motions [10, 12] are granted.

I.      Factual Background

Plaintiff and Defendants have been engaged in a series of probate-court proceedings in Denver, Colorado, involving Barbara Jean Price's estate. Compl. [1] at 6. According to the Complaint, Plaintiff alleges that Defendants abused legal process and conspired "to defraud the heirs of Barbara Jean Price and Dorothy Rea Shelman of their respective ownership of the real property located at 2813 California Street, Denver [,] Colorado 80205[.]" *Id.* at 5. Defendants seek dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(3) for improper venue. Plaintiff opposes the dismissal. The motions are considered fully briefed.[1]

---

[1] Neither Defendant replied in support of the motions, and the time to do so has passed.

II.     Standard

Defendants raise subject-matter jurisdiction, personal jurisdiction, and improper venue as grounds for dismissal. The Court normally begins with subject-matter jurisdiction, *see Sangha v. Navig8 ShipMgmt. Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018), but here, personal jurisdiction is dispositive, and the Court sees no need to address the other potential grounds for dismissal. *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occupational Safety & Health*, 1 F.4th 346, 350 (5th Cir. 2021) (explaining that courts may first address other jurisdictional grounds for dismissal where issues involving subject-matter jurisdiction "are more difficult to resolve[.]").

"When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant." *Mink v. AAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). If the "district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).

For that analysis, the Court accepts a plaintiff's "uncontroverted allegations" as true and resolves any factual conflicts in the plaintiff's favor. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). In doing so, the Court "may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs., Inc.*, 313 F.3d at 344 (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).

Finally, "[t]he prima-facie-case requirement does not require the court to credit conclusory allegations." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Nor may the plaintiff rely on the allegations in a complaint that are "contradicted by affidavits." *Wyatt v. Kaplan*, 686 F.2d 276, 283 n.13 (5th Cir. 1982) (holding that plaintiff failed to make prima facie case where defendant presented uncontradicted affidavits).

III.    Analysis

A.    Movant Defendants

Personal jurisdiction has two requirements. "First, the nonresident defendant must be amenable to service of process under [the] State's long-arm statute. Second, the assertion of in personam jurisdiction must be consistent with the 14th Amendment's Due Process Clause." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citations omitted).

Defendants challenge whether Mississippi's long-arm statute is satisfied. That statute provides:

> Any nonresident person . . . , firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. "The three prongs of the long-arm statute are commonly referred to as the contract prong, the tort prong, and the doing-business prong." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 497 (5th Cir. 2012).

Although it is unclear which prong Plaintiff invokes, he nonetheless argues that there is personal jurisdiction over Defendants.[2] But nothing in the Complaint suggests that any of the actions giving rise to the suit occurred in Mississippi. No contract was performed in Mississippi. No tort was committed in Mississippi. And no business was conducted in Mississippi. In fact, all the events took place in Denver, Colorado, and Defendants are Colorado residents. *See* Compl. [1] at 3-4. The only connection this suit has to Mississippi is Plaintiff's alleged residency. *Id.* at 3; *see also* Pl's Resp.'s [17, 19] at 5-7.

Even considering Plaintiff's pro se status and construing his pleadings liberally, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), the allegations still fail to satisfy the long-arm statute requirements. Thus, Plaintiff fails to demonstrate personal jurisdiction over Smith and Shelman-Goetsch.

B.   Remaining Defendants

Holloman also names Craig D. Johnson and Michael Smyth as Defendants, both of whom live in Colorado. Compl. [1] at 7. But he has not served these Defendants, *see* Unexecuted Summons [9], and the magistrate judge denied his motion for "substituted service" as to Smyth. *See* Mot. [20]; Order [21]. That order gives Holloman until January 13, 2025, to perfect service. *Id.* at 3.

Setting the service-of-process issues aside, it appears the Court may also lack personal jurisdiction over these Defendants. "When the district court raises the issue of personal jurisdiction sua sponte, the court should allow the plaintiff a reasonable opportunity to present

---

[2] In his response, Plaintiff says his amended Complaint will establish personal jurisdiction over Defendants. *See* Pl.'s Resp. [17] at 9. But he made that promise on July 9, 2024, and has never sought leave to file an amended Complaint. Therefore, the Court considers the operative Complaint. Nor has Plaintiff offered any affidavits or other competent record evidence demonstrating a basis for personal jurisdiction.

4

any available evidence supporting the court's jurisdiction." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 325 (5th Cir. 2001). As such, Holloman is given 14 days to show cause why his claims against Smyth and Johnson should not be dismissed for lack of personal jurisdiction.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendants' motions to dismiss [10, 12] are granted.[3] Plaintiff's claims against Smith and Shelman-Goetsch are dismissed without prejudice. Holloman is given 14 days to show cause why his claims against Johnson and Smyth should not be dismissed for lack of personal jurisdiction. Failure to respond will result in dismissal without further notice.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2024.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]Holloman asks the Court to strike Shelman-Goetsch's motion. *See* Resp. [19] at 3. According to him, Defendant Johnson (who is an attorney) assisted Shelman-Goetsch in filing her motion though he neither made an appearance for her nor obtained pro hac vice status. *Id.* He also says Shelman-Goetsch attempted to conceal Johnson's involvement by misstating the address on the signature block of her motion when, in reality, the motion was mailed from Johnson's office. *Id.* The Court rejects these arguments. First, Shelman-Goetsch signed the motion and her address included in the motion's signature block matches the address that Plaintiff included in the Complaint. *See* Mot. [12] at 6; Compl. [1] at 2. Though unusual for the mailing envelope to list Johnson's address, Plaintiff offers no authority that this is impermissible when Johnson did not sign the pleadings. Second, Holloman did not move to strike as the Local Rules require. *See* L.U. Civ. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."); *see also* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document."). In any event, the Court lacks personal jurisdiction over these defendants.